**PINNOCK & WAKEFIELD**
A Professional Corporation
David C. Wakefield, Esq    Bar #: 185736
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone:  619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiffs

E-Filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ROBERT McCARTHY,

Case No.:

Plaintiff,

**COMPLAINT**

v.

**A STREET INVESTORS, LTD., A California Limited Partnership, d.b.a. PHOENIX LODGE; MDM PROPERTIES, LLC, d.b.a. PHOENIX LODGE; AND DOES 1 THROUGH 10, Inclusive,**

Defendants.

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**
[42 U.S.C. 12182(a) ET. SEQ; CA CIVIL CODE 51, 52, 54, 54.1, 54.3]

**DEMAND FOR JURY TRIAL**
[F.R.Civ.P. rule 38(b)]

## INTRODUCTION

1.    Plaintiff ROBERT McCARTHY herein complains, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Northern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Plaintiff alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the

1

executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.  Therefore, Plaintiff makes the following allegations in this federal civil rights action:

**INTRADISTRICT ASSIGNMENT**

2.      Pursuant to Local Rule 3-2, this action should be assigned to the Oakland Division as the property that is the subject of this action is situated in Alameda County.

**JURISDICTION AND VENUE**

3.      The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Northern District of California.

**SUPPLEMENTAL JURISDICTION**

4.      The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, Plaintiff ROBERT McCARTHY was injured. Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and one would ordinarily expect the actions to be tried in one judicial proceeding.

2

## NAMED DEFENDANTS AND NAMED PLAINTIFF

5.    Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendants A STREET INVESTORS, LTD., A California Limited Partnership, d.b.a. PHOENIX LODGE, and MDM PROPERTIES, LLC, d.b.a. PHOENIX LODGE are located at 500 West A Street, Hayward, California, 94541. Plaintiff is informed and believes and thereon alleges that Defendants A STREET INVESTORS, LTD., A California Limited Partnership, and MDM PROPERTIES, LLC, are the owners, operators, lessors, and/or franchisees of the PHOENIX LODGE and of the real property located at 500 West A Street, Hayward, California, 94541, Assessor Parcel Number 432-0032-002-04.   Defendant A STREET INVESTORS, LTD., A California Limited Partnership, is located at 22693 Hesperian Boulevard, Suite 170, Hayward, California, 94541.  Defendant MDM PROPERTIES, LLC., is located at 26046 Eden Landing, Hayward, California, 94545.

6.    The words Plaintiffs and Plaintiff as used herein specifically include ROBERT McCARTHY.

7.    Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of A STREET INVESTORS, LTD., A California Limited Partnership, d.b.a. PHOENIX LODGE; and MDM PROPERTIES, LLC, d.b.a. PHOENIX LODGE.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

8.    Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent

3

to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

9.      Plaintiff ROBERT McCARTHY  (hereinafter "MCCARTHY") has physical impairments and due to these impairments he has learned to successfully operate a wheelchair for mobility. Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following major life activities including but not limited to:  walking.

10.      In year 2007, Plaintiff MCCARTHY went to Defendants' public accommodation facilities known as A STREET INVESTORS, LTD., A California Limited Partnership, d.b.a. PHOENIX LODGE, and MDM PROPERTIES, LLC, d.b.a. PHOENIX LODGE (hereinafter "PHOENIX LODGE"), located at 500 West A Street, Hayward, California, 94541, Assessor Parcel Number 432-0032-002-04, to utilize their goods and/or services accompanied by a friend.  When Plaintiff MCCARTHY patronized Defendants' PHOENIX LODGE facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, exterior path of travel, entrance, registration counter, guestroom, guestroom entrance, guestroom bathroom, guestroom interior path of travel, guestroom closet, guestroom operable control, and guestroom desk facilities because said facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities known as PHOENIX LODGE.

11.      Plaintiff MCCARTHY personally experienced difficulty with said access barriers at PHOENIX LODGE.  The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For example, there fails to be the required disability signage located at the parking lot entrance(s) informing patrons they may be fined or their vehicle may be towed if they unlawfully park in a disabled parking space.  Within the parking lot serving the PHOENIX LODGE, there are seventy (70) parking spaces, two (2) of which are designated disabled parking spaces.  Neither of the two (2) designated disabled parking spaces

4

COMPLAINT
CASE #

are a "Van Accessible" disabled parking space  and therefore, the establishment, fails to have the required "Van Accessible" disabled parking facilities.  If a parking lot has between fifty-one (51) and seventy-five (75) parking spaces, there shall be a minimum of three (3) designated disabled parking spaces, one (1) of which must be a "Van Accessible" disabled parking space.  Therefore, the establishment also fails to have the sufficient number of the designated disabled parking spaces to comply with federal and state disability laws.  One (1) of the existing designated disabled parking spaces fails to be accessible as it has an access aisle that is a mere thirty-six inches (36") in width and also serves as a walkway to the building entrance.   The remaining designated disabled parking space has an inadequate access aisle to accommodate a "Van Accessible" disabled parking space.

12.     Upon exiting his vehicle, Plaintiff MCCARTHY approached the PHOENIX LODGE registration office.  Outside of the entrance door, on the pull side of the entrance door, there is a slope with no level landing.  As a result., Plaintiff MCCARTHY found it extremely difficult to both open the entrance door and keep the momentum going while pushing his wheelchair up the slope to enter into the registration office.  The entrance door also fails to have the required disability signage.  The office registration counter is too high to be accessible, as the counter is forty-two inches (42") high.  Plaintiff MCCARTHY had extreme difficulty signing the hotel registration document.  As no clipboard or alternative means of transacting business was offered to Plaintiff MCCARTHY, he signed the registration document on his lap.

13.     The PHOENIX LODGE has between seventy (70) and eighty-five (85) guestrooms, of which four (4) guestrooms are designated accessible guestrooms with a roll-in shower.  If a hotel has between fifty-one (51) to seventy-five (75) guestrooms, the hotel shall have three (3) designated accessible guestrooms plus one (1) designated accessible guestroom with a roll-in shower.  .  If a hotel has between seventy-six (76) to one hundred (100) guestrooms, the hotel shall have four (4) designated accessible guestrooms plus one (1) designated accessible guestroom with a roll-in shower.  Plaintiff MCCARTHY was given Guestroom 103, a designated accessible guestroom with a roll-in shower.  Guestroom 103 fails to be accessible due to the presence of many

5

architectural barriers.  The guestroom entrance door to Guestroom 103, fails to have a lowered

peephole on the door, thereby denying Plaintiff MCCARTHY an important safety feature, as the

guestroom entrance door opens outward into the hallway and the hotel is located in what was

perceived to be an unsafe part of town.  The guestroom bathroom within Guestroom 103 also fails

to be accessible.  The roll-in shower within the guestroom fails to be accessible, as the faucet

controls are mounted on the wall opposite from the fixed bench mounted in the roll-in shower.  As

a result, Plaintiff MCCARTHY was precluded from accessing the faucet controls.  Also, the

adjustable holder for the hand-held sprayer unit was frozen or stuck at the top of the mounting

bracket that is sixty-two inches (62") high.  Once Plaintiff MCCARTHY was in the shower and

ready to bath, he found he was unable to reach any of the controls independently.  As a result,

Plaintiff MCCARTHY had to summon his friend to come into the bathroom and activate the water

faucet.  As the holder for the hand-held sprayer unit was frozen or stuck at the top of the mounting

bracket, Plaintiff MCCARTHY also has to ask his friend to manually hold the sprayer unit for him

while he bathed.  This caused Plaintiff MCCARTHY extreme embarrassment and feelings of

humiliation.  Additionally, within the guestroom bathroom of Guestroom 103, the hot water pipe

and drainage pipe under the lavatory sink fail to have the required insulation.  Also, the bottom

edge of the mirror is too high to be accessible, as the bottom edge of the mirror is mounted forty-

two inches (42") high.  The clothing hook on the inside of the guestroom bathroom entrance door is

also mounted too high, as the hook is mounted sixty-seven inches (67") high.

14.     Additionally, within Guestroom 103, the interior path of  travel between the guestroom beds

fails to be accessible, as the interior path of travel between the beds is a mere twenty inches (20") in

width.  Also, the clothing rod in the closet is too high to be accessible, as the clothing rod is

mounted sixty-seven inches (67") high.   The operable controls on the environmental control unit

fail to be accessible as the controls are small knobs that require tight grasping and/or twisting of the

wrist to operate.  The bed blocks the curtain control cord, and as the curtain control cord is located

on the right side of the window, Plaintiff MCCARTHY was precluded from accessing the curtain

control cord.  The mirror mounted over the desk is too high to be accessible, as the bottom edge of

6

the mirror is mounted forty-two inches (42") above the finished floor. Also, the guestroom desk within Guestroom 103, fails to be accessible, as the knee clearance of the desk is a mere twenty-four inches (24") high. As a result of the architectural barriers encountered, Plaintiff MCCARTHY knew he would not be able to stay in Guestroom 103 of the PHOENIX LODGE overnight, so he was forced to leave the hotel and find other accommodations for the night.

15.      Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

16.      Plaintiff MCCARTHY intends to return to Defendants' PHOENIX LODGE public accommodation facilities in the immediate future. Plaintiff MCCARTHY is presently deterred from returning due to their knowledge of the barriers to access that exist at Defendants' facilities.

17.      Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants

7

COMPLAINT
CASE #

should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

18.    Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff MCCARTHY which would preclude or limit access by MCCARTHY and other persons with disabilities, potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code.  Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

19.    Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' PHOENIX LODGE facilities.  Plaintiff MCCARTHY was extremely upset due to Defendants' conduct.

<u>NOTICE</u>

20.    Plaintiff is not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

**WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT**

21.    A STREET INVESTORS, LTD., A California Limited Partnership, d.b.a. PHOENIX LODGE; MDM PROPERTIES, LLC, d.b.a. PHOENIX LODGE; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

22.    Plaintiff aver that the Defendants are liable for the following claims as alleged below:

<u>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**</u>

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- <u>**Claims Under The Americans With Disabilities Act Of 1990**</u>

CLAIM I AGAINST ALL DEFENDANTS: <u>**Denial Of Full And Equal Access**</u>

23.    Based on the facts plead at ¶¶ 9 - 19 above and elsewhere in this complaint, Plaintiff

8

MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MCCARTHY was denied equal access to Defendants' existing facilities.

24.      Plaintiff ROBERT McCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff MCCARTHY said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

25.      Based on the facts plead at ¶¶ 9 - 19 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

9

26.    Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

27.    Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

28.    Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

29.    Based on the facts plead at ¶¶ 9 - 19 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities in violation of Americans With Disabilities Act Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A; hereinafter "ADAAG") and Title 24 of the California Building Code. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT

10

McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

30.    Based on the facts plead at ¶¶ 9 - 19 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

31.    Based on the facts plead at ¶¶ 9 - 19 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

32.    WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER**

11

## CALIFORNIA ACCESSIBILITY LAWS

CLAIM I: **Denial Of Full And Equal Access**

33.     Based on the facts plead at ¶¶ 9 - 19 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities.

34.     These violations denied Plaintiff ROBERT McCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT McCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.


CLAIM II: **Failure To Modify Practices, Policies And Procedures**

35.     Based on the facts plead at ¶¶ 9 - 19 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

36.     Based on the facts plead at ¶¶ 9 - 19 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

37.     Based on the facts plead at ¶¶ 9 - 19 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable

12

harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

38.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

### Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

39.    Defendants, each of them respectively, at times prior to and including the month Plaintiff patronized Defendants' facilities, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code).  Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to

13

sections 52(a) and 54.3(a) of the California Civil Code.

40.     Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law.  Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

41.     Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities.  Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

42.     Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.     For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B.     For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

C.     In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a).  Plaintiff requests this Court enjoin Defendants to remove all architectural and communication barriers in, at, or on their facilities

14

including without limitation violations of the ADA, ADA Accessibility Guidelines and Title 24 of the California Building Code

E.      For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Cal. Code of Civil Procedure §§ 1032 and 1033.5, and Cal. Civil Code § 52 and 54.3;

F.      For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G.      A Jury Trial and;

H.      For such other further relief as the court deems proper.

Respectfully submitted:

PINNOCK & WAKEFIELD, A.P.C.

Dated: July 16, 2007

By: _____
        DAVID C. WAKEFIELD, ESQ.
        Attorneys for Plaintiff

15