George W. Pfeiffer (SBN 95920)
**LAW OFFICES OF GEORGE W. PFEIFFER**
2175 N. California Blvd., Suite 715
Walnut Creek, CA 94596
Telephone: (925) 974-1000

Attorney for Defendants
A STREET INVESTORS, LTD.
A California Limited Partnership, dba
PHOENIX LODGE; and MDM
PROPERTIES, LLC, dba PHOENIX LODGE

UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCARTHY | Case No. C07-3722 EMC |
| Plaintiff, | ANSWER TO UNVERIFIED COMPLAINT |
| v. | |
| A STREET INVESTORS, LTD. A California Limited Partnership, dba PHOENIX LODGE; and MDM PROPERTIES, LLC, dba PHOENIX LODGE; AND DOES 1 THROUGH 10, Inclusive. | DEMAND FOR JURY TRIAL [F.R.C.P. 38(b)] |
| Defendants. | |

     A STREET INVESTORS, LTD., A California Limited Partnership, dba PHOENIX LODGE, and MDM PROPERTIES, LLC, dba PHOENIX LODGE (hereinafter collectively referred to as "Defendants") answer Plaintiff's Complaint as follows:

McCarthy v. A Street Investors, Ltd. (C07-3722EMC)　　　　　　　　　　　　　　Page 1 of 13
Answer to Complaint/Demand for Jury Trial

### RESPONSE TO "INTRODUCTION"

1.     Answering paragraph 1, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

### RESPONSE TO "INTRADISTRICT ASSIGNMENT"

2.     Answering paragraph 2, Defendants admit that this case should be assigned to the Oakland Division.

### RESPONSE TO "JURISDICTION AND VENUE"

3.     Answering paragraph 3, Defendants deny any liability to plaintiff, and deny generally and specifically, all and singular, each and every allegation contained therein. Moreover, given the case of <u>Molski v. Disability Rights Enforcement et al.</u> (N.D. Cal.) (U.S. Dist. LEXIS 39959), this might not be the proper court to raise said claims.

### RESPONSE TO "SUPPLEMENTAL JURISDICTION"

4.     Answering paragraph 4, Defendants deny any liability to plaintiff, and deny generally and specifically, all and singular, each and every allegation contained therein. Moreover, given the case of <u>Molski v. Disability Rights Enforcement et al.</u> (N.D. Cal.) (U.S. Dist. LEXIS 39959), this might not be the proper court to raise said claims.

### RESPONSE TO "NAMED DEFENDANTS AND NAMED PLAINTIFF"

5.     Defendants admit the allegations of paragraph 5.

6. Answering paragraph 6, Defendants understand Plaintiff's reference.

7. Answering paragraph 7, Defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein.

8. Answering paragraph 8, Defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein.

## RESPONSE TO "CONCISE SET OF FACTS"

9. Answering paragraph 9, Defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein.

10. Answering paragraph 10, Defendants admit that plaintiff visited the property. Defendants believe that plaintiff's wife accompanied plaintiff. With respect to plaintiff's use of the accommodations, defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein. With respect to the ADA Access Guidelines, Defendants deny that

the facilities mentioned do not comply with the guidelines. Defendants also deny that there a barriers to equal access at the motel.

11. Answering paragraph 11, and with respect to plaintiff's use of the accommodations, defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein. With respect to the ADA Access Guidelines, and except as noted below, Defendants deny that the facilities mentioned do not comply with the guidelines. [Defendants do admit that the insulated tape had been removed and that the mirrors might be too high (Defendants need to measure).] Defendants also deny that there are barriers to equal access at the motel.

12. Answering paragraph 12, and with respect to plaintiff's use of the accommodations, defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein. Defendants are informed and believe that plaintiff's wife signed the registration forms.

13. Answering paragraph 13, Defendants deny the room count. Defendants deny that room 103 in inaccessible. Defendants deny that room 103 has architectural barriers. Defendants admit that the insulated tape had been removed and that the

McCarthy v. A Street Investors, Ltd. (C07-3722EMC)
Answer to Complaint/Demand for Jury Trial

mirrors might be too high (Defendants need to measure). However, Defendants deny the balance of the claims in the paragraph.

14. Answering paragraph 14, and with respect to plaintiff's use of the accommodations, defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein. Defendants are informed and believe that plaintiff's wife accompanied him during his visit. Defendants admit that the interior path of travel is not 36". Defendants admit that the desk might be not meet current ADA standards. However, Defendants deny the balance of the claims in the paragraph.

15. Answering paragraph 15, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

16. Answering paragraph 16, and with respect to plaintiff's intentions, defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein. Defendants also deny that there are barriers to access at the motel.

17. Answering paragraph 17, Defendants respond that plaintiff has not accurately cited the law and therefore deny generally and specifically, all and singular,

each and every allegation contained therein. Defendants also deny that they had knowledge of any barriers to access at the motel.

18. Answering paragraph 18, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

19. Answering paragraph 19, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

### RESPONSE TO "NOTICE"

20. Answering paragraph 20, Defendants admit that Botosan case held that a plaintiff need not provide notice to any state or local agency before filing a Title III action. With respect to any other allegation in paragraph 20, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

### RESPONSE TO "WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT"

21. No response is required to paragraph 21.

22. Answering paragraph 22, Defendants deny generally and specifically, all and singular, that they are liable to plaintiff.

### RESPONSE TO FIRST CAUSE OF ACTION

23. Answering paragraph 23, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

24. Answering paragraph 24, defendants do not have sufficient information or belief upon which to answer and, basing their answer on such lack of information or belief, deny generally and specifically, all and singular, each and every allegation contained therein.

25. Answering paragraph 25, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

26. Answering paragraph 26, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

27. Answering paragraph 27, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

28. Answering paragraph 28, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

29. Answering paragraph 29, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

30. Answering paragraph 30, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of

the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

31. Answering paragraph 31, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

32. Answering paragraph 32, Defendants deny generally and specifically, all and singular, that plaintiff is entitled to relief.

## RESPONSE TO SECOND CAUSE OF ACTION

33 Answering paragraph 33, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

34. Answering paragraph 34, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

35. Answering paragraph 35, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

36. Answering paragraph 36, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of

the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

37. Answering paragraph 37, Defendants incorporate by reference its answers to paragraphs 9 --19 and other paragraphs in the complaint. Answering the balance of the paragraph, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

38. Answering paragraph 38, Defendants deny generally and specifically, all and singular, that plaintiff is entitled to relief.

39. Answering paragraph 39, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

40. Answering paragraph 40, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

41. Answering paragraph 41, Defendants deny generally and specifically, all and singular, each and every allegation contained therein.

42. Answering paragraph 42, Defendants deny generally and specifically, all and singular, that plaintiff is entitled to relief.

### FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants allege that the subject motel was constructed in 1983/1984 in

compliance with the code requirements. There has been no remodeling that would subject the property to compliance with the ADA "new construction" requirements.

## SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants allege that plaintiff and his wife stayed at the property on many occasions, never complaining.

## THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants are informed and believe, and based thereon, allege that Plaintiff's alleged damages or injuries, if any there were, were aggravated by the failure, neglect and refusal of Plaintiff, and/or other individual parties to this action, to use reasonable diligence to mitigate those injuries or damages.

## FOURTH AFFIRMATIVE DEFENSE

As a Fourth Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants allege that plaintiff's wife, not plaintiff, completed the registration folio.

## FIFTH AFFIRMATIVE DEFENSE

As a Fifth Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants assert that neither plaintiff nor his wife complained about the parking space, the registration process, or the room accommodations.

## SIXTH AFFIRMATIVE DEFENSE

As a Sixth Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants assert that the property generally complies with the ADA requirements

## SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants assert that some of the requested modifications would not be readily achievable.

## EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense to the Complaint and each cause of action set forth therein, Defendants allege that plaintiff did not provide advance notice to Defendants of any of his claims.

///

///

///

///

///

///

///

///

///

McCarthy v. A Street Investors, Ltd. (C07-3722EMC)
Answer to Complaint/Demand for Jury Trial

Page 11 of 13

WHEREFORE, Defendants pray for relief as follows:

(1) That Plaintiff take nothing by this action;

(2) That Defendants be awarded costs of defending this lawsuit;

(3) That the Complaint be dismissed with prejudice as to each Defendant; and,

(4) For such other and further relief as the Court deems proper.

DATED: September 10, 2007

**LAW OFFICES OF GEORGE W. PFEIFFER**

GEORGE W. PFEIFFER
Attorney for Defendants
A STREET INVESTORS, LTD.
A California Limited Partnership, dba
PHOENIX LODGE; and MDM
PROPERTIES, LLC, dba PHOENIX LODGE

///

///

///

///

///

///

McCarthy v. A Street Investors, Ltd. (C07-3722EMC)
Answer to Complaint/Demand for Jury Trial

Page 12 of 13

## DEMAND FOR JURY TRIAL

Defendants A STREET INVESTORS, LTD., A California Limited Partnership, dba PHOENIX LODGE, and MDM PROPERTIES, LLC, dba PHOENIX LODGE (hereinafter collectively referred to as "Defendants") hereby demand a jury trial provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

DATED:   September 10, 2007         **LAW OFFICES OF GEORGE W. PFEIFFER**

_/s/ George W. Pfeiffer_
GEORGE W. PFEIFFER
Attorney for Defendants
A STREET INVESTORS, LTD.
A California Limited Partnership, dba
PHOENIX LODGE; and MDM
PROPERTIES, LLC, dba PHOENIX LODGE

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
COUNTY OF CONTRA COSTA  )

I am a citizen of the United States and a resident of the County of Contra Costa. I am over the age of eighteen (18) years and not a party to the within action. My business address is 2175 North California Blvd., Suite 715, Walnut Creek, California 94596.

On the date set forth below, I served the within

**ANSWER TO UNVERIFIED COMPLAINT**

on the party named below in said cause, by enclosing true and correct copies in a sealed envelope addressed as follows:

> David C. Wakefield, Esq.
> PINNOCK & WAKEFIELD, A.P.C.
> 3033 Fifth Avenue, Suite 410
> San Diego, CA 92103

I deposited such envelope in the mail at Walnut Creek, California with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Walnut Creek, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 10, 2007 at Walnut Creek, California.

_____
Kelli-Marie Miles